UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EJAZ AHMED,<br><br>                                    Petitioner,<br><br>v.<br><br>JEREMY CASEY, et al.,<br><br>                                    Respondents. | Case No.: 26-cv-1141-JES-SBC<br><br>**ORDER:**<br><br>**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE; and**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL AS MOOT**<br><br>**[ECF Nos. 1, 7]** |

Before the Court is Petitioner Ejaz Ahmed's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The Court has also considered his letter received on March 12, 2026. ECF No. 8. Pursuant to the Court's Order to Show Cause (ECF No. 6), Respondents filed a return to the petition. ECF No. 9. The Court then requested supplemental briefing from Respondents, which they submitted on March 19, 2026. ECF Nos. 12, 13. After due consideration and for the reasons below, the Court **DENIES WITHOUT PREJUDICE** the petition. The Court also **DENIES AS MOOT** Petitioner's motion to appoint counsel. ECF No. 7.

//

26-cv-1141-JES-SBC

## I.    BACKGROUND

Petitioner is a native of Pakistan, and crossed into the United States on February 25, 2025. ECF No. 1 at 5; ECF No. 9 at 2. He was apprehended and placed into removal proceedings. ECF No. 9 at 2. He claimed fear of returning to Pakistan and was given a positive credible finding by an officer. ECF No. 1 at 5.

On February 5, 2026, Petitioner had a merits hearing before an immigration judge ("IJ"), who denied Petitioner's claims for asylum and withholding of removal. ECF No. 9 at 2; ECF No. 13-1. The IJ ordered him removed to Pakistan. *Id.*

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.    DISCUSSION

Respondents argue that with a final order of removal, Petitioner is now detained under 8 U.S.C. § 1231 and his detention is not yet prolonged. ECF No. 9 at 2. The Court agrees.

Upon arrival at the United States, Petitioner was initially detained under 8 U.S.C. § 1225. However, once an immigration court enters a final order of removal, § 1231 governs the detention. Under this provision, the government "shall remove the alien from

26-cv-1141-JES-SBC

the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A)-(a)(2)(A). The government shall detain the alien in custody during the initial 90-day removal period by statute. *Id.* In *Zadvydas*, the Supreme Court held that when the government is unable to remove an alien within 90 days, the alien may seek review of the reasonableness of their continued detention under the due process clause through petition for writ of habeas corpus. 533 U.S. at 687. The Court instructed courts to analyze whether continued detention beyond the 90-day period "exceeds a period reasonably necessary to secure removal," based on "the [removal detention] statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* at 699. The Court has held that it is presumptively reasonable for the government to detain an alien for a period of 6 months while it works to effectuate his removal after issuing a final order of removal against him. *Id.* at 701. Beyond that period, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and grant the petition for writ of habeas corpus. *Id.* at 699-700.

It is not disputed that there is now a final order of removal against Petitioner. Thus, detention is now governed by § 1231 by statute. Under the § 1231 framework as outlined above, Petitioner's removal period clock started on February 5, 2026, when his removal became final. Thus, to date, his detention period under § 1231 is just under 2 months, which is still within the presumptively reasonable period articulated in *Zadvydas*.

Accordingly, at this time, the Court must **DENY** Petitioner's petition. The denial, however, is **WITHOUT PREJUDICE** to Petitioner refiling should his detention post-removal detention extend past the 6-month period of presumptive reasonableness.

## IV.    CONCLUSION

For the reasons discussed above, the Court **DENIES** the Petition **without prejudice**. In light of this ruling, the Court **DENIES AS MOOT** Petitioner's motion to appoint counsel.

//

//

The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: April 1, 2026

Honorable James E. Simmons Jr.
United States District Judge

26-cv-1141-JES-SBC